IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 2, 2018

**STEVEN SKINNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 00-05699, 00-05700   James M. Lammey, Judge**

———————————————————

**No. W2017-01797-CCA-R3-ECN**

———————————————————

Petitioner, Steven Skinner, appeals the trial court's denial of his petition for writ of error coram nobis without a hearing on his "newly discovered" evidence.   After careful consideration, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellant, Steven Skinner.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1999, Petitioner was involved in the murder of two victims.  *State v. Steve Skinner* (*Skinner I*), No. W2003-00887-CCA-R3-CD, 2005 WL 468322 at *1 (Tenn. Crim. App. Feb. 28, 2005), *perm. app. denied* (Tenn. June 27, 2005).  During the course of the trial, the jury found that Petitioner, along with Marcus Boyd, Calvin Wardlow, Calvin Boyd, and Michael Brown, conspired to murder the victims after they lost $53,000 of Marcus Boyd's money in a drug deal gone wrong.  *Id*.  Specifically, the testimony of his co-conspirators, Mr. Brown and Mr. Wardlow, established that the Petitioner was the one who ordered the murders by flashing the lights on his car.  *Id*.  At the conclusion of the trial, the jury convicted Petitioner of two counts of first degree premeditated murder. The trial court sentenced Petitioner to two consecutive life sentences with the possibility

of parole. Petitioner appealed his convictions, arguing that the accomplice testimony given at trial was not adequately corroborated and that one of the witnesses was an accomplice as a matter of law. *Id*. This Court affirmed Petitioner's convictions and the trial court's judgment. *Id*.

Next, Petitioner filed a post-conviction petition alleging that he received ineffective assistance of counsel. *Steven D. Skinner v. State* (*Skinner II*), No. W2009-00307-CCA-R3-PC, 2010 WL 4188314 (Tenn. Crim. App. Oct. 22, 2010), *perm. app. denied* (Tenn. Feb. 8, 2011). Again, this Court affirmed the post-conviction court's denial of the petition. *Id*. at *3-4. Then, Petitioner sought federal habeas corpus relief, which the U.S. District Court similarly denied. *Skinner v. Johnson* (*Skinner III*), No. 11-2112-SHL-dkv, 2014 U.S. Dist. LEXIS 184813 (W.D. Tenn. Aug. 6, 2014).

On April 10, 2017, Petitioner filed a petition for writ of error coram nobis, relying on evidence discovered when Petitioner made an Open Records Request to the Shelby County District Attorney's office in February 2017. In his petition, Petitioner asserted that all of the newly discovered documents are pieces of exculpatory or impeachment evidence that the State should have turned over to him at trial. Specifically, Petitioner claimed that this new evidence consisted of statements from the State's witnesses, Mr. Brown and Mr. Wardlow, that Marcus Boyd orchestrated the murders, not Petitioner. These statements were given to a federal prosecutor during the federal trials of Petitioner's co-conspirators.

Petitioner acknowledged that he filed his petition well beyond the statute of limitations but argued that the statute of limitations should be tolled, insisting that this evidence could not have been known at an earlier time. The State filed a motion to dismiss, arguing that the petition was time barred, all "newly discovered" evidence could have been known to Petitioner at trial, and all evidence was cumulative in nature or would be inadmissible at trial. The trial court granted the motion without an evidentiary hearing. Petitioner now argues that the trial court abused its discretion when it granted the State's motion to dismiss Petitioner's petition for writ of error coram nobis without holding an evidentiary hearing. For reasons set forth below, we affirm the trial court's ruling.

*Analysis*

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill

"only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek error coram nobis relief, a petitioner must "establish[ ] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The error coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id*.

A petition for error coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of error coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). The State bears the burden of raising the statute of limitations as an affirmative defense. *Id*.; *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

It is undisputed that the petition at issue in this case is untimely. Petitioner concedes as much. Thus, the only consideration is whether Petitioner has established due process concerns which require tolling the statute of limitations. *See Workman v. State*, 41 S.W.3d 100, 101-102 (Tenn. 2001). We recognize that due process requires the tolling of a statute-of-limitations period when a petitioner would otherwise be denied "'an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id*. at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). In determining whether due process requires tolling of the statute of limitations, this Court must weigh Petitioner's interest in obtaining a hearing on the grounds of newly discovered evidence against the State's interest in preventing stale and groundless claims. *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 103). To balance these interests, we use the following three-step analysis:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Wilson v. State*, 367 S.W.3d 299, 234 (quoting *Sands*, 903 S.W.2d at 301).

The petition at issue in this appeal was filed on April 10, 2017. Petitioner concedes that his petition was clearly filed outside the statute of limitations. Therefore, we must determine whether his asserted ground for relief – the witness statements discovered after making an open records request in 2017 – actually arose after the limitations period and whether a strict application of the statute of limitations would effectively deny Petitioner a reasonable opportunity to present his claim.

According to the record, it appears that this information was made available to trial counsel before trial because these statements were taken before trial and were in the District Attorney's file. During Petitioner's post-conviction hearing, trial counsel testified that he "had access to all the material and reviewed all of it prior to trial." *Skinner II*, 2010 WL 4188314, at *4. Trial counsel also testified that he "had conversations with the federal prosecutor about the case and subpoenaed him to court in case he needed his testimony." *Id*. Petitioner made no allegations that the federal prosecutor withheld these statements or that trial counsel made a specific request for them that was ignored. However, trial counsel did not call the federal prosecutor to testify because he did not know what "additional, harmful information he might testify to in front of the jury." *Id*. From trial counsel's testimony at the post-conviction hearing, it appears that information from the federal prosecutor was available, but strategically not used, at trial. Therefore, the evidence which Petitioner claims is "newly discovered" was not later arising.

Since this "newly discovered evidence" is not later arising and the statute of limitations cannot be tolled, Petitioner does not have a valid error coram nobis claim. Here, Petitioner did not exercise reasonable diligence that would have led to a timely discovery because the record shows that trial counsel was already in possession of the materials before trial. Therefore, these grounds are not "later-arising" and strict application of the statute of limitations period by the error coram nobis court did not effectively deny the petitioner a reasonable opportunity to present the claim. When the petition for error coram nobis "fails to meet the necessary prerequisites to file for such relief," the trial court is not required to hold an evidentiary hearing. *State v. Gerome J. Smith*, No. M2009-1144-CCA-R3, 2010 WL 3448047, at *4 (Tenn. Crim. App. Aug. 31, 2010), *perm. app. denied* (Tenn. Jan. 13, 2011). Because Petitioner did not meet the necessary prerequisite of filing his petition within the statute of limitations, the trial court was not required to hold an evidentiary hearing and therefore did not abuse its discretion.

*Conclusion*

Based on the foregoing and the record as a whole, we affirm the judgment of the error coram nobis court.

_____
TIMOTHY L. EASTER, JUDGE